IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBIN OLIVE,

                      Petitioner,                  Case No. 3:06 CV 1597

    -vs-

                                                      <u>MEMORANDUM OPINION</u>

COMMISSIONER OF SOCIAL SECURITY,

                      Respondent.

KATZ, J.

This matter is before the Court on Plaintiff Robin Olive's Application for Attorney Fees Under the Equal Access to Justice Act ("EAJA") (Doc. 26), the defendant's response thereto (Doc. 29), and the plaintiff's reply (Doc. 30). Because Defendant Social Security Administration has shown that its position in this action was substantially justified, Plaintiff's application is hereby denied.

**I. Background**

In the underlying action in this case, Plaintiff sought judicial review of the final decision of the Commissioner of Social Security finding she was not disabled and not entitled to Supplemental Social Security Income (SSI) benefits. *Olive v. Comm'r of Soc. Sec.*, Case No. 06-CV-01597 (N.D. Ohio Sept. 19, 2007), Doc. 24. The Court issued an opinion remanding the case to the agency for further proceedings, specifically a more thorough credibility analysis of Plaintiff's testimony. *Id.* at 6. Plaintiff then filed this motion for attorney's fees pursuant to the EAJA, which provides that:

> a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Defendant responded both that its position was substantially justified and that the fees requested by Plaintiff were unreasonable under the EAJA.

Plaintiff argues that she is entitled to attorney's fees and expenses under the EAJA. Both parties agree that Plaintiff was a prevailing party, and neither argues that there were any special circumstances. Thus, the first issue is whether the government's position in initially denying benefits and defending the denial before the district court was substantially justified. The second issue, raised by Defendant, is whether the fees requested by Plaintiff are unreasonable and should be denied, in whole or in part, on that basis. The Court herein finds attorney's fees unjustified, and therefore the latter issue need not be addressed.

## II. Standard of review

A Social Security claimant who obtains a remand order pursuant to sentence four of 42 U.S.C. § 405(g) is a prevailing party for purposes of the EAJA. *Shalala v. Schaefer*, 509 U.S. 292 (1993). Thus, Plaintiff is presumptively entitled to attorney's fees unless the government can meet its burden of showing that the position of the United States was substantially justified or that special circumstances make an award unjust. The government's position is substantially justified if it is "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

## III. Discussion

Plaintiff claims that the government's position in this action was not substantially justified because its "administrative decision did not specify the reasons for finding the claimant's testimony about her symptoms not credible, referring instead to 'reasons set forth in the body of the decision.'" Pl.'s Br., Doc. 26 at 2. Plaintiff is correct inasmuch as the agency violated its own

2

regulation requiring credibility decisions to be explained with a certain measure of specificity. However, this violation was a mere "articulation error" and does not justify recovery of attorney's fees under the EAJA and Sixth Circuit precedent. Reviewing the record as a whole, the Court finds that the government has proven substantial justification.

As Defendant indicates, "attorney fees are not to be awarded just because the government lost the case." Def.'s Br., Doc. 29 (citing *Brouwers v. Bowen*, 823 F.2d 273, 275 (8th Cir. 1987); *Jankovich v. Bowen*, 868 F.2d 867, 869-70 (6th Cir. 1989)). A careful distinction must be drawn between a lack of substantial *evidence*, which results in remand to the agency, and a lack of substantial *justification*, which results in an award of attorney's fees to the prevailing party in such an action. *See Jankovich*, 868 F.2d at 870. The Sixth Circuit Court of Appeals elaborated on this distinction:

> The government's position "can be justified even though it is not correct . . ., and it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct." [*Pierce v. Underwood*, 487 U.S.] at 566 n.2. As this court has noted, "[t]he fact that we f[ind] that the Comissioner's position was unsupported by substantial evidence does not foreclose the possibility that the position was substantially justified. Indeed, Congress did not want the 'substantially justified' standard to be read to raise a presumption that the Government position was not substantially justified simply because it lost the case . . . . " *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004) (internal citations and quotation marks omitted).

*Noble v. Barnhart*, 230 Fed. Appx. 517, 519 (6th Cir. 2007).

Despite the lower threshold for substantial justification, Plaintiff alleges that the government's litigation position could not have been substantially justified because of the ALJ's failure to "specify the reasons for finding the claimant's testimony about her symptoms not credible." Doc. 26 at 2. This failure to articulate was the pivotal fact in this Court's remand to the agency because the agency violated its own announced policy. POLICY INTERPRETATION RULING TITLES II AND XVI:

3

EVALUATION OF SYMPTOMS IN DISABILITY CLAIMS: ASSESSING THE CREDIBILITY OF AN INDIVIDUAL'S STATEMENTS, SSR 96-7p, 1996 WL 374186. The Social Security Ruling requires the ALJ to explain credibility decisions with sufficient specificity "to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Id*. at *4. The ALJ's decision does factor into evaluation of the government's litigation position as a whole, but the error here does not deprive the government's position of substantial justification. *See Peck v. Comm'r of Soc. Sec.*, 165 F. Appx. 443, 446 (6th Cir. 2006); *Noble v. Barnhart*, 230 Fed. Appx. at 519.

The government relies on *Jankovich v. Bowen*, 868 F.2d 867 (6th Cir. 1989). While Plaintiff notes that *Jankovich* is factually distinguishable from the case at bar, Doc. 30 at 4, the outcome of that case reinforces Defendant's argument here. The *Jankovich* court did not grant EAJA attorney fees, despite the fact that a United States magistrate had substantively reversed the government's decision and affirmatively awarded Jankovich disability benefits. *Jankovich*, 868 F.2d at 868. The ALJ's error in the present case resulted in remand for clarification, not in an affirmative grant of benefits. Doc. 24 at 6. If the more fundamental error in *Jankovich* did not result in a fee determination, the error here cannot form the basis for an EAJA award.

The ALJ in this case committed an "articulation error," like the error at issue in *Anderson v. Comm'r*, No. 98-6284, 1999 U.S. App. LEXIS 29996 (6th Cir. 1999). In *Anderson*, the Sixth Circuit Court of Appeals affirmed the district court's denial of EAJA attorney's fees because the ALJ (1) had based a disability determination on outdated information and (2) had "failed to provide the minimal articulation needed to support his conclusion that the claimant did not satisfy the [necessary] criteria." *Anderson*, 1999 U.S. App. LEXIS 29996, at *8. The *Anderson* court not only remanded to the

4

agency, but also substantively reversed the denial of benefits. *Id.* at *9. The plaintiff there argued "that the Commissioner [was] required by both the Social Security Act, 42 U.S.C. § 504(b), and the Administrative Procedure Act, 5 U.S.C. § 557(c), to include in the text of his decision a statement of the reasons for that decision." *Id.* at *11. Accordingly, the plaintiff argued that the district court was clearly mistaken when it found the ALJ substantially justified. *Id.* at 11-12.

*Anderson* is factually similar to the present action, but it resulted in a more substantive reversal by the court. Yet despite the dual error by the ALJ, the court of appeals upheld the finding of substantial justification. *Id.* at *19. The *Anderson* court explained that failure to express the required analysis on the record was not fatal to the government's case for substantial justification:

> The issue, when considering an award of attorney's fees to a prevailing party under the EAJA, is not whether the ALJ gave adequate articulation for his findings, but whether the Commissioner was justified in supporting the ALJ's decision to deny benefits based on the record. In the present case, the district court did not find that the ALJ had erred in denying disability benefits based on a failure to apply the sequential analysis correctly, but merely indicated that the court did not feel that the ALJ's opinion was explicit enough in regard to whether or not [the] claimant met a listed impairment. The district court recommended remand so that the ALJ could obtain more current IQ scores, analyze the information provided under the amended law, and better articulate his reasoning, thus giving claimant every benefit of the doubt in determining whether he met a listed impairment. The district court made no finding that claimant meets a listing for mental retardation, nor did she find the ALJ's decision "clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking," *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985), which can lead to a direct award of disability benefits by the district court without the necessity of a remand. A reversal of the denial of benefits and a remand for further clarification does not automatically mean the Commissioner's decision to defend the ALJ's decision to deny benefits was unreasonable.

*Id.* at *12-13. Likewise, in the present case, this Court remanded for further articulation, but did not find such severe error as would lead to "a direct award of disability benefits by the district court" or even an award of EAJA fees.

5

Finally, the Seventh Circuit case of *Stein v. Sullivan*, 966 F.2d 317 (7th Cir. 1992), is instructive. In *Stein*, the court of appeals held that the district court did not abuse its discretion by denying EAJA fees. *Stein*, 966 F.2d at 319. The court found that the government's position was substantially justified even though the ALJ had failed adequately to abide by the rule to articulate the evidence he considered in arriving at his decision. *Id.* A similar rationale applies in the case at bar. Given the evidence in the record as a whole, the government had a rational ground for defending the denial of benefits, even though the ALJ's opinion was not sufficiently explicit. "Case law has held that although there may be flaws in an ALJ's decision, which require . . . a remand for further consideration, this does not automatically mean that the Commissioner's decision to defend the ALJ's decision to deny benefits was not 'substantially justified.'" *Stein*, 966 F.2d at 319.

This Court remanded the present case for further consideration because of an articulation error and did not find that the Commissioner's position was necessarily wrong on the merits. Doc. 24 at 6. As in *Stein* and *Anderson*, there is evidence in the record that supports the Commissioner's position. Although there were circumstances that led to remand, this does not mean that the government was not justified in defending the ALJ's decision to deny benefits based on the available evidence. The government had a rational basis in law and fact for considering itself was justified in defending the Commissioner's denial of benefits.

**IV. Conclusion**

For the reasons stated herein, Plaintiff's application for attorney's fees and expenses is hereby denied (Doc. 26).

IT IS SO ORDERED.

     s/ *David A. Katz*
     DAVID A. KATZ
     U. S. DISTRICT JUDGE