IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBIN OLIVE,

                Plaintiff,         Case No. 3:06 CV 1597

-vs-

COMMISSIONER OF                    MEMORANDUM OPINION
SOCIAL SECURITY,                     AND ORDER

                Defendant.

KATZ, J.

This matter is before the Court on Plaintiff Robin Olive's amended motion to alter or amend pursuant to Fed. R. Civ. P. 59(e). (Doc. 34.)

The purpose of a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney*, 489 U.S. 169, 174 (1988). *See also McDowell v. Dynamics Corp. of America*, 931 F.2d 380 (6th Cir. 1991); *Shivers v. Grubbs*, 747 F. Supp. 434 (S.D. Ohio 1990). This rule gives the district court the "power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 450 (1982). Generally, there are three major situations which justify a district court altering or amending its judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent a manifest injustice." *In re Continental Holdings, Inc.*, 170 B.R. 919, 933 (Bankr. N.D. Ohio 1994); *Braun v. Champion Credit Union*, 141 B.R. 144, 146 (Bankr. N.D. Ohio 1992), *aff'd*, 152 B.R. 466 (N.D. Ohio 1993); *In re Oak Brook Apartments of Henrico County, Ltd.*, 126 B.R. 535, 536

(Bankr. S.D. Ohio 1991). It is not designed to give an unhappy litigant an opportunity to relitigate matters already decided; nor is it a substitute for appeal. *Dana Corp. v. United States*, 764 F. Supp. 482, 488-89 (N.D. Ohio 1991); *Erickson Tool Co. v. Balas Collet Co.*, 277 F. Supp. 226 (N.D. Ohio 1967), *aff'd*, 404 F.2d 35 (6th Cir. 1968).

Plaintiff seeks amendment of this Court's order denying attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *See* Doc. 31. Plaintiff argues that the opinion should have focused on the government's litigation position, rather than the agency action. The Court has reviewed the standard it applied and finds it to have been properly articulated, with extensive and accurate citation to Sixth Circuit and other case law, and properly applied pursuant to precedent and the facts of the case. The Court did not hold that only reversals of ALJ decisions could result in attorney's fees, as Plaintiff suggests, or that "articulation errors" are pre se reasonable, but rather considered the mere articulation error and lack of reversal on the merits as factors among others, as previously done by other courts. The Court not only found the government's litigation position to be substantially justified, but also noted that there may well have been a degree of substantive merit to the Commissioner's decision, even though it may have been relatively poorly articulated.

> This Court remanded the present case for further consideration because of an articulation error and did not find that the Commissioner's position was necessarily wrong on the merits. Doc. 24 at 6. As in *Stein* and *Anderson*, there is evidence in the record that supports the Commissioner's position. Although there were circumstances that led to remand, this does not mean that the government was not justified in defending the ALJ's decision to deny benefits based on the available evidence. The government had a rational basis in law and fact for considering itself [] justified in defending the Commissioner's denial of benefits.

Doc. 31 at 6. *See also* Report and Recommendation, Doc. 21 at 12 (agreeing with the government's position that the ALJ did not err in not finding that Plaintiff's residual functional

2

capacity was affected by Plaintiff's hospitalizations) and 13 (The ALJ's "[f]ailure to discuss the weight attributed to the physical therapist's opinion in this case does not affect thte outcome of the ALJ's decision.).

This Court disagrees with Plaintiff's assessment that manifest injustice results from the Court's denial of attorney's fees. *See Jankovich v. Bowen*, 868 F.2d 867 (6th Cir. 1989); *Anderson v. Comm'r*, No. 98-6284, 1999 U.S. App. LEXIS 29996 (6th Cir. 1999)*; Cunningham v. Barnhart*, 440 F.3d 862 (7th Cir. 2006); *Conrad v. Barnhart*, 434 F.3d 987 (7th Cir. 2006). Plaintiff's motion is denied (Doc. 34).

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE